UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WAYNE ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ROBERT JONES et al.,<br><br>Defendants. | No. 2:19-cv-01883-KJM-CKD (PS)<br><br><br><br>ORDER<br><br>(ECF Nos. 11, 12) |

Presently before the court are pro se plaintiff's motion to appoint counsel and motion to clarify a previous order. (ECF Nos. 11, 12.) For the reasons stated below, the court DENIES plaintiff's motion to appoint counsel and instructs plaintiff that this matter is not stayed at this time.

I.   Legal Standard

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to a plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. "The plaintiff has the burden of proof and must meet all three factors." Reddy v. Precyse Sols. LLC, 2013 WL 2603413, at *1 (E.D. Cal. June 11, 2013) (citing Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir.1992)). Appointment of counsel

1

is not a matter of right.  See Ivey v. Bd. of Regents, 673 F. 2d 266 (9th Cir. 1982).  Moreover, "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citations omitted).

II.     Analysis

Regarding the Bradshaw factors, because plaintiff paid the filing fee required in civil cases, he is not proceeding in forma pauperis, and plaintiff has provided no information about his financial status.  Therefore, the the first factor, which relates to plaintiff's financial condition, is unknown.  Accordingly, plaintiff has not met his burden.  However, even assuming plaintiff meets the financial requirements to have counsel appointed, the court would decline to do so due to the third factor.

As to the second Bradshaw factor, plaintiff provides a correspondence between himself and a law firm, and states that the firm later called him and told him they would not take his case at that time.  (ECF No. 12 at 1.)  While this is minimal effort to obtain counsel, the court finds plaintiff has satisfied his burden on this factor.

Regarding the third Bradshaw factor, evaluating plaintiff's likelihood of success on the merits, plaintiff makes no argument and therefore has not satisfied his burden.  However, at this stage of litigation, without any defendant being served, the court is hesitant to find plaintiff's complaint is likely to succeed on the merits.  Plaintiff is likely to face substantive motions to dismiss his deliberate indifference claim premised on medical malpractice.  See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding that a "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference").  Accordingly, plaintiff has not satisfied the third Bradshaw factor.

Turning to the Wilborn standard, plaintiff provides the court with no "exceptional circumstance" that would warrant counsel to be appointed.  The "exceptional circumstances" standard is met through evaluation of the likelihood of success on the merits and the ability of

plaintiffs to articulate their claims in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331 (quoting Weygtandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). As noted above, plaintiff has not satisfied the requirement that he is likely to succeed on the merits.

Regarding the complexity of the legal issues involved, this case is still in its initial phase: No defendant has been served and there are no complex legal issues before the court. Plaintiff has been given simple instructions to serve defendants, which, as discussed below, plaintiff has failed to do. The court therefore does not find this matter to be so complex as to warrant the appointment of counsel.

In sum, plaintiff has not established his financial status, a likelihood of success on the merits, that his case is overly complex, or that he is unable to articulate his claims. Therefore, the court DENIES plaintiff's request to appoint counsel at this time.[1]

Additionally, in response to plaintiff's request (ECF No. 11), the court clarifies that this matter is not stayed at this time.

Finally, the court instructs plaintiff that he was required to serve defendants in this matter within 90 days of the court's order on September 19, 2019. (ECF No. 5.) The date to effectuate service has therefore passed. *Sua sponte*, the court grants plaintiff leave to serve defendants out of time. Plaintiff shall serve the named defendants within 30 days of this order. Within 10 days of service on each defendant plaintiff shall inform the court of the same. Plaintiff is again cautioned that failure to serve defendants may result in his case being dismissed. See Fed. R. Civ. P. 4(m).

////
////
////
////
////

---

[1] For the same reasons, plaintiff's attachment to his motion to appoint counsel labeled "Reports Addressing Status Conference Matters" (ECF No. 12-2), which states his appointed counsel will address the information required in the status report is insufficient. If plaintiff does not obtain counsel in this matter he is required to provide this information to the court himself.

III. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 12) is DENIED.

2. Plaintiff is given 30 days from the date of this order to effectuate service on the named defendants in this matter. Plaintiff shall inform the court within 10 days from the date each defendant is served.

Dated: January 31, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Jr.1883.ervin.appoint