UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WAYNE ERVIN, | No. 2:19-cv-01883-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| SCOTT ROBERT JONES et al., | (ECF No. 21) |
| Defendants. | |

Presently before the court is defendants' motion to dismiss plaintiff's first amended complaint ("FAC"). (ECF No. 21.) Plaintiff, who is pro se in this matter, has filed an opposition. (ECF No. 45.) Both parties appeared at the hearing on this matter; defendants through counsel, Suli Athanasios Mastorakos, and plaintiff personally. For the reasons that follow, the court GRANTS IN PART defendants' motion to dismiss.[1]

BACKGROUND

Plaintiff suffers from psoriasis, a disorder that results in irritated skin, which plaintiff claims causes him extreme burning pain. (See ECF No. 15 at 6, 9.) Plaintiff has lived with this condition for at least 22 years, often experiencing heavy attacks and flare-ups. (Id. at 6.) Around

---

[1] Also before the court are plaintiff's two motions to voluntarily dismiss the following defendants: Phil Serna, Patrick Kennedy, Susan Peters, Sue Frost, Don Nottoli, Phillip Henderson, and Scott Jones. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court GRANTS plaintiff's motions and dismisses these defendants.

1

September 2009, plaintiff was prescribed "the miracle medicine ENBREL" for his psoriasis. (Id.) Plaintiff was originally prescribed two shots of Enbrel a week, which was later reduced to one shot per week. (Id.)

Plaintiff was arrested on May 8, 2018, and subsequently incarcerated at the Main Jail of Sacramento County until September 7, 2018. (Id. at 5.) Plaintiff was not provided with Enbrel for 12 weeks, presumably between May 2018 to July 2018.[2] (See id. at 6 ("[F]or 12 weeks ENBREL was not procured [or] administered to [plaintiff].").) The jail provided plaintiff with two shots of Enbrel per week starting July 30, 2018 until plaintiff's release. (Id.) During his incarceration the jail and defendants failed to procure plaintiff's medical records from Kaiser Permanente. (Id. at 5.) Plaintiff alleges that defendants were deliberately indifferent to his medical needs by failing to provide him with Enbrel. (Id.)

Plaintiff additionally alleges that defendant Dr. Nugent fabricated an encounter with plaintiff dated May 27, 2018. (Id. at 7.) The doctor's note from that encounter states that plaintiff's alleged dosage of Enbrel was almost four times the FDA recommended dose for treating plaque psoriasis. (Id.) Plaintiff alleges Dr. Nugent's "fabrications were used as an excuse . . . to terminate [p]laintiff's nine-year prescription." (Id.) While Dr. Nugent did not continue plaintiff on Enbrel, he did prescribe plaintiff Humira. (Id. at 7, 8.)

On September 18, 2019, plaintiff filed the present action and subsequently filed a first amended complaint on February 21, 2020. (ECF Nos. 1, 15.) Defendants filed a motion to dismiss on March 23, 2020, which is presently before the court. (ECF No. 21.)

LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than

---

[2] However, plaintiff asserts defendants were deliberately indifferent to his medical needs from May 2018 to October 2018, the entirety of his incarceration. (ECF No. 15 at 6.)

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

DISCUSSION

    A.    DEFENDANTS' MOTION TO DISMISS

Deliberate indifference to a serious medical need violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In the context of pretrial detainees, as here, an inmate's rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Under the Fourteenth Amendment, a plaintiff's claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (internal citations and quotations omitted). Regarding the third element, the "defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

3

case." Id.

"Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). The test articulated in Gordon requires the inmate to prove more than negligence, but less than subjective intent—something akin to reckless disregard. Gordon, 888 F.3d at 1125. A mere difference of opinion between a prisoner and medical staff is not sufficient to establish a deliberate indifference claim. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The court initially addresses some of plaintiff's arguments concerning the legal framework of deliberate indifference cases. The court will then address plaintiff's specific claims against the remaining defendants.

Plaintiff begins his opposition by stating that defendants make "absolutely no reference to the controlling case of Gordon v. County of Orange." (ECF No. 45 at 2.) This is patently false, as defendants' motion to dismiss cites Gordon on multiple occasions and sets forth the elements of plaintiff's deliberate indifference cause of action, listed above. Plaintiff's claim that defendants fail to address the objective deliberate indifference standard is similarly false. (See ECF No. 21-1 at 2 ("Claims for violations of the right to adequate medical care brought by pretrial detainees are evaluated under the objective deliberate indifference standard.").)

Plaintiff also relies heavily on a case from the Sixth Circuit, Darrah v. Krisher, 865 F.3d 361 (6th Cir. 2017). In Darrah, the plaintiff alleged that defendants provided him no medication and later insufficient medication to treat his psoriasis while incarcerated. Id. at 364-66. As relevant here, addressing the lower court's grant of defendants' summary judgment, the Darrah court found that defendants' failure to provide plaintiff with any psoriasis medication for three months amounted to deliberate indifference and therefore reversed the lower court. Id. at 369. Darrah does not conflict with the order below, and although that case involves a claim based on the Eighth Amendment in the context of a summary judgment motion, the legal standards, outlined above, are largely similar.

As addressed below, the court finds that to the extent plaintiff's complaint fails, it does so

4

because it alleges insufficient facts, not because there is some blanket prohibition regarding plaintiff's theory as it applies to deliberate indifference cases.

### 1. *Defendants Drs. Drennan, Abshire, and Sahba*

Beyond the blanket allegation that "defendants (7) through (12) are deliberately indifferent to the needs of any inmate who requires the medicine 'Enbrel'" (ECF No. 15 at 5) the only other allegation against Drs. Drennan, Abshire, and Sahba contained in the FAC is that the doctors failed to procure Enbrel for plaintiff. (Id. at 6.) There is no mention of these doctors treating or consulting with plaintiff, the doctors' role in the jail, or how the doctors were involved in failing to provide plaintiff with Enbrel.

Plaintiff's claims against these defendants are nothing more than a threadbare recital of a cause of action, lacking any elements of the cause of action, and a conclusory statement that these doctors failed to get plaintiff the medication he requested. This is insufficient to state a claim against these three defendants. See Iqbal, 556 U.S. at 678. Thus, plaintiff has failed to provide Drs. Drennan, Abshire, and Sahba sufficient notice of what they allegedly did wrong and how their actions violated plaintiff's constitutional rights. See Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, the FAC is dismissed against these three defendants.

### 2. *Defendant Dr. Padilla*

Plaintiff makes the same insufficient allegations against Dr. Padilla that he asserts against Drs. Drennan, Abshire, and Sahba. Plaintiff makes the additional allegations, however, that Dr. Padilla planned to continue plaintiff on Enbrel, was "angered by the actions of" Dr. Nugent, and recommended that plaintiff file a grievance for Enbrel. (ECF No. 15 at 6.)

Plaintiff's allegations against Dr. Padilla, even if taken as true, fail to state a cognizable claim. There is no allegation that Dr. Padilla made any intentional decision regarding plaintiff's medical treatment, nor that Dr. Padilla's actions were objectively unreasonable. From all appearances, Dr. Padilla was sympathetic to plaintiff's complaints and attempted to provide plaintiff with the medication he was seeking. At best, plaintiff has stated a claim for negligence against Dr. Padilla, which is insufficient under the authority cited above. See Gordon, 888 F.3d at 1125. Accordingly, plaintiff's complaint is dismissed as to Dr. Padilla.

3.     *Defendant Dr. Nugent*

Finally, the undersigned finds that plaintiff has not stated a cause of action against Dr. Nugent.  Plaintiff alleges that Dr. Nugent terminated plaintiff's prescription to Enbrel and prescribed plaintiff Humira instead.  (ECF No. 15 at 7.)  Plaintiff additionally asserts that Dr. Nugent fabricated an encounter with plaintiff "as an excuse" for Dr. Nugent to not prescribe Enbrel, presumably due to the prohibitive cost of the drug.  (See id. at 6, 7.)  Plaintiff also claims that Dr. Nugent noted that plaintiff took an amount of Enbrel that was "almost four times" above the FDA recommended dosage and also noted that plaintiff was previously on Humira until he had to change to Enbrel because of insurance.  (See ECF No. 15 at 7.)

Dr. Nugent is correct that plaintiff has only pleaded a difference of medical opinion, which, without more, cannot survive a motion to dismiss.  See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (holding that a complaint is properly dismissed that only alleges "negligent misdiagnosis, or a disagreement with [the treating doctor]"); Hollis v. Dir. of Corr., 560 F. Supp. 2d 920, 926 (C.D. Cal. 2008) (dismissing complaint that alleged defendant doctors failed to provide specific medication).

Plaintiff's citation to Darrah v. Krisher, discussed above, does not affect this conclusion.  In Darrah, the plaintiff did not receive any medication for his psoriasis for more than three months, 865 F.3d at 369, while in the present case plaintiff received treatment, although he disagreed with the prescription, within less than a month of incarceration, and was prescribed Enbrel within three months.  (See ECF No. 15 at 6, 8.)  Additionally, Darrah involved a plaintiff who was originally prescribed a specific medication by the prison and essentially lost his prescription when he transferred institutions, 865 F.3d at 368, facts inapplicable here.  Thus, Darrah involved a claim of deliberate indifference in the implementation of a treatment that was previously prescribed by the state, while here plaintiff is only alleging a misdiagnosis by Dr. Nugent, after he noted plaintiff's excessive dosage.  Plaintiff's assertions against Dr. Nugent are insufficient to state a claim for deliberate indifference.  See Wilhelm, 680 F.3d at 1123 (finding dismissal against a defendant improper where the complaint "alleges a deliberate indifference in implementing the prescribed treatment" while permitting dismissal as to other defendants where

6

the complaint only alleges misdiagnosis).

Accordingly, as to Dr. Nugent, plaintiff has failed to state a cause of action and his complaint is subject to dismissal.

B.    LEAVE TO AMEND

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

As an initial matter, the court intentionally does not refer to the factual assertions contained in plaintiff's opposition to defendants' motion to dismiss, which go far beyond the facts asserted in his FAC, as doing so would be improper.  See Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").  Similarly, this order does not address whether plaintiff's new assertions remedy the deficiencies outlined above.

Considering that this is plaintiff's first request to amend his complaint since defendants responded, plaintiff's pro se status, and most importantly the court's uncertainty as to whether plaintiff's claims against the dismissed defendants can be cured by amendment, the court will allow plaintiff to assert claims against the dismissed defendants in a Second Amended Complaint. However, plaintiff is cautioned that renewed claims against the dismissed defendants that are identical or substantially similar to those contained in his FAC will likely be subject to dismissal without leave to amend.  If plaintiff finds that he cannot sufficiently plead claims against any of

the named defendants, he is instructed to follow Federal Rule of Civil Procedure 41 concerning voluntary dismissals of actions without prejudice.

CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 21) is GRANTED IN PART.

2. Plaintiff's complaint is dismissed in its entirety, but with leave to amend.

3. Within twenty-one (21) days of the date of this order plaintiff shall file an amended complaint, which shall be captioned "Second Amended Complaint."

4. Plaintiff's motions to voluntarily dismiss defendants Phil Serna, Patrick Kennedy, Susan Peters, Sue Frost, Don Nottoli, Phillip Henderson, and Scott Jones are GRANTED.

IT IS SO ORDERED.

Dated: July 29, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.ervin.1883